JONES, Justice.
The Circuit Court of Simpson County rendered judgment for $1,000 in favor of appellee from which judgment this appeal is taken. This suit was on an insurance policy. We hold that the facts stated no cause of action; that the occurrence mentioned was not covered by the policy in question, and, therefore, we reverse the case and enter judgment here for appellant.
Appellee operated a restaurant. Prior to August 12, 1961, appellant had issued what is called its “Business and Home Comprehensive Crime Protection Policy” to appel-lee.
On August 12, 1961, appellee’s brother-in-law came into the restaurant and shot him as a result of which appellee received serious injuries and incurred medical and other related expenses of more than $1,000. This suit (based upon the policy) was filed some time after the occurrence. The declaration alleged and appellee’s proof showed the following:
“ * * * that * * * Sidney Brewer came upon the premises and into the restaurant operated by plaintiff. The said Sidney Brewer, while upon said premises of restaurant stated that ‘This is a hold-up everybody set still and nobody will get hurt.’ Whereupon Plaintiff attempted to persuade him to leave the premises, whereupon said Sidney Brewer shot the said plaintiff.” “Plaintiff would show that as a direct and proximate result of said Sidney Brewer attempting to rob his place of business and having been shot and assaulted by said Sidney Brewer that he has incurred hospital and medical expenses in excess of $4,000.00.”
Brewer was appellee’s brother-in-law.
It was admitted that the policy was issued and there was no issue as to whether it was in force. The sole question presented here is whether the facts stated above come within the provisions of the policy.
Appellee asserts his claim, particularly in oral argument before us, upon Coverage A-4 (an insuring clause), page 5 of the policy, and Coverage D-13, page 9 of the policy. Coverage A-4 reads as follows:
“To pay the Assured for all loss of money, securities, merchandise, furniture, fixtures, equipment and customers’ goods occasioned by hold-up or robbery from the Assured or an employee of the Assured within the insured business premises, and of merchandise stolen from within a show window in the building while regularly open for business, by a person who has broken the glass thereof from outside the building.”
Coverage D-13 covers medical expenses and reads as follows:
“To pay to or for the Assured, or any member of his family, or any employee who sustains bodily injury as a direct result of any act or event insured against in this policy, the reasonable expense of necessary medical, surgical, dental, ambulance, hospital, professional nursing services, and, in the event of death re-suiting from such injury, the reasonable funeral expenses, all incurred within one year from the date of the occurrence of such act or event.”
It is not claimed that any money, property, or other thing was taken by the brother-in-law.
*399 It is asserted, however, that the acts coupled with the brother-in-law’s statement, “This is a hold-up” constituted the crime of attempted robbery, and was an act covered by the insuring clause A-4. It is further contended that appellee, having been shot under these circumstances, is entitled to recover $1,000 (the limit of the policy) under Clause D-13.
It will be noted that the part of the policy quoted says nothing about any attempt at robbery. Under “definitions” on page 16 of the policy, section A, there appears:
“The word ‘robbery’ means the taking of insured property (1) by violence inflicted upon the Assured or an employee of the Assured; (2) by putting him in fear of violence; (3) by any other overt felonious act committed in his presence and of which he was actually cognizant, provided such other act is not committed by an officer, partner or employee of the Assured; (4) from the person or direct care and custody of the Assured or an employee of the Assured who has been killed or rendered unconscious.”
The definition of “robbery” in the contract between appellant and appellee makes the “taking of insured property” an essential element of the act against which the insurance is issued.
The facts of this case do not constitute a robbery within the meaning of the policy.
As much as sometimes we might desire, we cannot rewrite contracts validly made. This is one made between the parties, and we have no power to alter same.
Appellant’s request for a peremptory instruction should have been granted. The case is reversed and judgment entered here for appellant.
Reversed and judgment rendered.
ETHRIDGE, C. J., and RODGERS, BRADY and SMITH, JJ., concur.